JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant Marline Sura ("defendant") appeals from the judgment of the trial court finding her guilty of ethnic intimidation, menacing by stalking, and aggravated menacing. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: In October 2002, Jessica and Anthony Gray and their baby Lauren ("the Grays") moved into a house at 4613 Bader Avenue, Cleveland, Ohio. The Grays were the only black family in the neighborhood. The defendant, a fifty-year-old woman, lived in the house next door to them, and had lived there for over 30 years.
 {¶ 3} On June 28, 2003, Mr. Gray and defendant got into an argument after Mr. Gray accused defendant of causing damage to their yard as she drove her car into her driveway, which directly abutted their yard. Mr. Gray also accused defendant of allowing her dog to use their lawn as a bathroom and denting the vinyl siding of their house as she drove her car into her driveway. During this incident, the Grays alleged that defendant called them "niggers" and "stupid" and that they were going to "bring her property value down." The Grays called the police and reported the incident. On July 4, 2003, after returning from out of town, the Grays discovered that the entire side of the lawn abutting defendant's driveway was burnt. Mrs. Gray called Chemlawn to access the damage and was told that the grass had been burned by a petroleum product. Mrs. Gray also confronted defendant about the damage and alleged that defendant spewed racial slurs and called their baby a "monkey." Mrs. Gray called the police and reported the incident.
 {¶ 4} On or about August 12, 2003, the defendant poured weed killer onto the Gray's lawn, thereby causing damage to it. Two of the neighbors, Robert and Phyllis Mucklo, witnessed the incident. The Grays notified the police and the defendant was arrested.
 {¶ 5} On December 3, 2003, the Cuyahoga County Grand Jury indicted defendant on one count of ethnic intimidation in violation of R.C. 2927.12, one count of menacing by stalking in violation of R.C. 2903.211, and one count of aggravated menacing in violation of R.C. 2903.21.
 {¶ 6} On June 30, 2004, a bench trial began. On July 2, 2004, the defendant was found guilty of all three counts charged in the indictment. Defendant was sentenced to two years of community controlled sanctions, 50 hours of community service, and restitution in the amount of $480.00.
 {¶ 7} Defendant now appeals and raises the following two assignments of error.
 {¶ 8} "I. The trial court erred as a matter of law and to the prejudice of appellant by denying appellant's motions for judgment of acquittal as to several counts of the indictment pursuant to Crim.R. 29(A) in violation of appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Constitution of the State of Ohio."
 {¶ 9} In her first assignment of error, defendant argues that the State failed to present sufficient evidence to support her convictions. We disagree.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 12} Here, defendant was charged with menacing by stalking, aggravated menacing, and ethnic intimidation. R.C. 2903.211
defines the crime of menacing by stalking as follows:
 {¶ 13} "(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 14} "* * *
 {¶ 15} "(C) As used in this section:
 {¶ 16} (1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.
 {¶ 17} (2) "Mental distress" means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment."
 {¶ 18} R.C. 2903.21 defines the crime of aggravated menacing and provides that "no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such person, such other person's unborn, or a member of the other person's immediate family."
 {¶ 19} Finally, R.C. 2927.12 defines the crime of ethnic intimidation as follows:
 {¶ 20} "(A) No person shall violate section 2903.21, 2903.22,2909.06, or 2909.07, or division (A)(3), (4), or (5) of section2917.21 of the Revised Code by reason of the race, color, religion, or national origin of another person or group of persons."
 {¶ 21} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant was guilty of menacing by stalking, aggravated menacing, and ethnic intimidation and the trial court properly denied her motion for acquittal.
 {¶ 22} At trial, the Grays gave the following testimony: The defendant made derogatory racial remarks to them on at least 10 but less than 50 times between June 28, 2003 (when the first confrontation occurred) and August 12, 2003 (when the arrest occurred). The side of their lawn directly abutting the defendant's driveway was burned while they were on vacation. The defendant threatened to throw a brick at Mrs. Gray and/or their baby. They installed a security system on their home and made several reports with the Cleveland Police Department regarding the defendant's threats and her actions. The defendant was seen pouring weed killer on their lawn. Mrs. Gray testified that defendant's behavior caused her to be in fear of both being in her house and leaving her house. Defendant testified in her own defense and admitted calling the Grays "snobbish niggers." She also admitted to pouring weed killer on their lawn. She denied making any threats to the physical safety of Mrs. Gray or the baby.
 {¶ 23} When this evidence is viewed in the light most favorable to the State, the court could find that defendant engaged in a pattern of conduct in which she knowingly caused the Grays to believe that she would cause them physical harm or mental distress. The court could also find that defendant knowingly caused harm to the property of the Grays. Whether the Grays' testimony regarding the defendant's threat of using a brick against Mrs. Gray and/or the baby was credible or not was for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230. Construing the Grays' testimony in a light most favorable to the State, as we are required to do, it is clear there was sufficient evidence which, if believed, demonstrated that defendant engaged in the acts of menacing by stalking and aggravated menacing as defined by R.C. 2903.211 and 2903.21. Finally, the court could find that defendant made threats to the Grays and damaged their property due to the "race" of the Grays as defined in R.C. 2927.12. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of ethnic intimidation, menacing by stalking, and aggravated menacing proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 24} Assignment of Error I is overruled.
 {¶ 25} "II. The judgments of conviction are against the manifest weight of the evidence, in violation of appellant's right to due process of law, as guaranteed by theFourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 26} In the second assignment of error, defendant argues that her convictions are against the manifest weight of the evidence.
 {¶ 27} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 28} Here, Mr. and Mrs. Gray testified that defendant made numerous derogatory racial remarks to them over a period of several months. Mr. Gray testified that defendant threatened to throw a brick at his wife and their baby. Defendant admitted to pouring weed killer on the Grays' lawn, thereby damaging their property, but denied making any threats to the Grays. A rational judge could believe that defendant did not threaten the safety of Mrs. Gray and/or the baby and that Mr. Gray was lying. However, one could also reasonably find that defendant did make this threat, especially in light of the fact that she admitted to having confrontations with the Grays and causing damage to their yard. Accordingly, we find that the trial court did not clearly lose its way and create a manifest miscarriage of justice when it determined that defendant did make this threat and this threat caused the Grays to believe that defendant would cause them serious harm and have mental distress.
 {¶ 29} Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in finding defendant guilty of ethnic intimidation, menacing by stalking, and aggravated menacing. Substantial, competent, credible evidence supports the court's verdict.
 {¶ 30} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concurs.